IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Nekita Antonio White, )
    Plaintiff, )
)
v. ) 1:10cv799 (TSE/TRJ)
)
S. Jones and Matthew Whalen, )
    Defendants. )

AUG 2 3 2010

## MEMORANDUM OPINION

Nekita Antonio White, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging "mental damage" apparently resulting from his cell conditions. After reviewing the filing, the claims against defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

In his complaint, plaintiff alleges that the cell to which he was moved on June 25, 2010 lacks a bunk, mirror, telephone, desk, television, and "paint on the window." In addition, plaintiff complains that the cell "has a steel door with just a tray slot which [defendant] Matthew Whalen on July 9, 2010 9am came and shut close [sic]." Finally, plaintiff lists several constitutional rights which he alleges, without elaboration, were violated "in one way or another

---

[1] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

by Western Tidewater Regional Jail," however he states no facts whatsoever in support of that claim.[2] As relief, plaintiff seeks $45,000 in damages and also asks the Court to "repair teeth that where damaged case #097414 [sic]."

Pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . .". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-50.

---

[2] Specifically, plaintiff states: "1. Religious and political freedom, 2. bail – punishment, 3. criminal actions – provisions concerning due process of law and just compensation, 4. trial by jury in civil cases, 5. rights retained by people, 6. citizenship – due process of law – equal protection, 7. suits against states." Compl. at 5.

2

None of plaintiff's claims, either singly or in concert, rises to the level of a constitutional violation. The Supreme Court has stated that "[t]he Constitution, 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981)). Nothing in plaintiff's complaint suggests that he suffered a sufficiently serious deprivation to constitute an Eighth Amendment violation. In fact, plaintiff's description of his cell comports with the Court's understanding of a typical jail cell's layout. Moreover, simply listing various constitutional rights that exist cannot serve to establish that any of those rights were violated in plaintiff's case. Therefore, his complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate Order shall issue.

Entered this 23rd day of August 2010.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

3